

**EXHIBIT**

A

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION
VI

DAVID CORLEY AND PAULA CORLEY,
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN                                    **PLAINTIFFS**

CV-20-463

VS.

VALLEY BEHAVIORAL HEALTH SYSTEM, LLC
AND ACADIA HEALTHCARE COMPANY, INC.              **DEFENDANTS**

## COMPLAINT

Comes the Plaintiffs, David Corley and Paul Corley, guardians of the person and estate of Xavier

Brown, by and through their attorneys, The Marcus Vaden Law Firm, and Mark J. Johnson, P.A., and for

their complaint herein alleges and states:

1.      Plaintiffs are residents of Logan County, Arkansas and guardians of the person and estate

of Xavier Brown pursuant to an order of the Logan County Probate Court.

2.      That the Defendant, Valley Behavioral Health System, LLC, is a foreign limited liability

company that does business in Fort Smith, Arkansas under the name of Valley Behavioral Health.  It

provides medical services at such location.  The Defendant, Acadia HealthCare Company, Inc., is a

foreign corporation that does business in Fort Smith, Arkansas, operating the facility known as Valley

Behavioral health in a joint operation or a joint enterprise with Valley Behavioral Health Systems, LLC.

3.      That Xavier Brown is an individual who was institutionalized at, receiving treatment at,

and residing at Valley Behavioral Health Systems, LLC in Fort Smith, Arkansas at the time of the events

giving rise to this cause of action.  That given the nature and extent of the said Xavier Brown's

disabilities, the Defendants, Valley Behavioral Health System, LLC and Acadia Healthcare Company,

Inc. were obligated to treat Xavier Brown and to keep him safe from himself and to ensure that because of

his mental state and condition, he did not cause harm to himself or any other party which could result in civil, criminal, juvenile liability or other penalty to him.

4.      Venue is proper in this county and district and the actions complained of herein occurred in the Fort Smith District of Sebastian County, Arkansas.  The need to maintain satisfactory supervision over Plaintiffs' ward occurred in the Fort Smith District of Sebastian County. That further, this court has jurisdiction over the subject matter hereof.

5.      That the Defendants, Valley Behavioral Health Systems, LLC and Acadia HealthCare Company, Inc., provide mental health services, operate as a psychiatric hospital and a facility to treat adolescents whose behavior in public is potentially harmful, violent, and inappropriate to others and to themselves, and advertises that they offer the highest quality treatment in the area and that they provide a safe structure where individuals can focus on healing themselves and working through their issues.  That the goal of the Defendants is to provide the individuals the tools and knowledge they need to live a happy, healthy life.  That as such, these Defendants owed to Xavier Brown, the duty to provide care and treatment so that said Xavier Brown did not harm himself, cause himself unnecessary legal liability, and to protect him from harming any other third party given his limited intellectual functioning and psychiatric problems.

6.      That Valley Behavioral Health Systems, LLC and Acadia HealthCare Company, Inc. became aware, or should have known, that Xavier Brown had serious mental health issues that caused him to act out in an inappropriate way, which acting out would cause Xavier Brown to manifest conduct which would not be in his best interest and which could result in legal charges, or in him acting in such a way that would harm himself personally, through no fault of his own, and only resulting and due to his severe and extreme mental disability.

7.      That Area Agency on Aging of Western Arkansas, Inc. provided transportation services for patients of Valley Behavioral Health Systems, LLC and Acadia HealthCare, Inc., including Xavier Brown.  Valley Behavioral Health Systems, LLC and Acadia HealthCare Company, Inc. owed a duty or obligation to Area Agency on Aging of Western Arkansas, Inc. to properly inform it of known and

suspected psychiatric conditions which could cause risks to Xavier Brown or to other clients by Xavier Brown, through no fault of his own and resulting only because of his limited mental function, and psychiatric condition. That said obligation to properly inform any third party of any inappropriate or uncontrollable conduct by the said Xavier Born, would be implied in law, and foreseeable.

8.      That said Xavier Brown, had previously exhibited inappropriate conduct, including, but not limited to, physical outburst and aggravated inappropriate sexual advances and other self-defacing act, and the Defendants knew, or should have known, that these self-destructive outbursts were detrimental to the ward, Xavier Brown.

9.      That on or about the 4th day of March, 2016, Area Agency on Aging of Western Arkansas, Inc. was transporting passengers for the Defendants, which included Xavier Brown.  That upon information and belief, Xavier Brown exhibited psychotic and inappropriate behavior, thus exposing him to legal liability, both civilly and criminally.  That Xavier Brown has no basic human understanding as to the inappropriateness of this action, nor understanding of the nature of the inappropriateness of public self-gratification, all of which the Defendant knew, should have known and should have anticipated.

10.     That Valley Behavioral Health Systems, LLC and Acadia HealthCare Company, Inc. owed a duty to Xavier Brown to ensure that Xavier Brown was treated and medicated such that he did not pose a risk to the public or to himself, or engage in appropriate conduct which conduct allegedly was exhibited by him on March 4, 2016.  The Defendants violated their own protocol in failing to property monitor and control Xavier Brown.

## COUNT ONE
### NEGLIGENCE -- VALLEY BEHAVIORIAL HEALTH SYSTEM, LLC AND ACADIA HEALTHCARE COMPANY, INC.

11.     Plaintiff repeats the allegations set forth in Paragraphs 1-10 above, as if the same were set forth word for word herein.

12.     That Xavier Brown's mental incapacities, inappropriate social functioning, and inappropriate sexual aggression were such that the Defendants, Valley Behavioral Health System, LLC and Acadia HealthCare Company, Inc. knew or should have known that Xavier Brown posed a severe threat to himself for inappropriate actions and acting out in an inappropriate manner. That Xavier Brown had engaged in sexually acting out in public and was relying upon the Defendants to protect him against himself so that he would not incur liability, both civilly or criminally. The Defendants failed to control Xavier Brown and to protect him from the actions for which he had no control over himself. That the Defendants, Valley Behavioral Health Systems, LLC and Acadia HealthCare Company, Inc., were negligent in not treating, supervising and medicating Xavier Brown so that he did not pose a risk to himself or others; in releasing Xavier Brown on leave on March 4, 2016; in failing to warn management or supervisors of Area Agency on Aging of Western Arkansas, Inc., of the danger that Xavier Brown posed to himself and others and to properly inform them of Xavier Brown's prior actions which, were it not for his mental conditions, would have been criminal in nature; in failing to protect Xavier Brown from acting out in a violent way, which would cause him to incur civil and potential criminal liability, as well as mental anguish.

13.     That such Defendants were further negligent for breaches of the duties set forth in Paragraphs 1-11 above.

14.     That as a direct, proximate and foreseeable result of the negligence of Valley Behavioral Health System, LLC and Acadia HealthCare Company, Inc., the Plaintiffs, on behalf of Xavier Brown have incurred medical bills and expenses and are otherwise entitled to recover damages on his behalf as a result of the said Defendants' failure to properly supervise and control Xavier Brown and for damages for future medical bills, past and future emotional harm, past and future pain and suffering, and other damages in a sum in excess of $75,000.00 excluding interest and costs.

## COUNT TWO – BREACH OF CONTRACT

15. Plaintiffs repeat the allegations set forth in Paragraphs 1-14 above, as if the same were set forth word for word herein.

16. That on information and belief Valley Behavioral Health System, LLC is a party with a contract with the State of Arkansas and/or the Department of Human Services of the State of Arkansas.

17. That as a recipient of these benefits on behalf of Xavier Brown, Plaintiffs give notice that they reserve the right to bring any cause of action for breach of contract for repayment for the amounts paid to the Defendants, by virtue of the breach of that certain contract or contracts existing between Defendants and any state agency of the State of Arkansas referenced above.

18. That Valley Behavioral Health System, LLC had a contractual obligation, either expressed or implied, to treat Xavier Brown in such a manner that because of this involuntary actions he did not place himself in a situation that was beyond his ability to control because of his grave psychological condition and impaired intellectual functioning. That further, any agreement or contract between Valley Behavioral Health System, LLC and Area Agency on Aging of Western Arkansas, Inc. regarding the transportation of clients would incur to the benefit of Xavier Brown as a third party beneficiary of said contract or contracts.

**COUNT THREE – OUTRAGE**

19. That the Plaintiffs adopt as if set forth herein word for word the allegations in Paragraphs 1-18.

20. That the actions and inactions of the Defendants, and each of them, were such that said Defendants inflicted emotional stress on Xavier Brown or should have recognized that emotional distress was likely to result; that the Defendants' conduct was extreme, outrageous and utterly unconscionable in the community; that the Defendants' actions caused anguish or distress to Xavier Brown; and that the emotional distress suffered was severe and a type that no person should be expected to endure.

21. That Xavier Brown, through his guardians, should recover damages as the proof may show and said damages are more than $75,000.00, exclusive of costs and interest, the amount necessary to invoke federal court jurisdiction in a diversity case.

WHEREFORE, David Corley and Paula Corley, Guardians of the person and estate of Xavier Brown, pray that they recover on behalf of Xavier Brown, through the guardianship, any and all damages, as shown and alleged above; that the Defendants be ordered to pay and in the sum and amount that the proof may show at the trial of this matter, all of which is in excess of the minimal amount necessary to confer jurisdiction in the United States District Court in a diversity of citizenship case; that they be awarded costs and attorney's fees, and for any and all other just and proper relief.

Respectfully submitted,

DAVID CORLEY AND PAULA CORLEY,
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN

Marcus L. Vaden, Bar No. 89126
Marcus Vaden, P.A.
Attorney at Law
P.O. Box 203
Conway, AR 72033
Office:  (501) 329-8723
mvaden@marcusvaden.com

Mark J. Johnson, Bar No. 2006-200
Mark J. Johnson, P.A.
Attorney at Law
1727 East Walnut
P.O. Box 311
Paris, AR 72855
Office:  (479) 847-3002
johnsonlaw3002@gmail.com

THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION
VI

DAVID CORLEY AND PAULA CORLEY,
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN                                                    PLAINTIFFS

vs.                                      No. 66CV-2020-**463**

VALLEY BEHAVIORAL HEALTH SYSTEM, LLC
AND ACADIA HEALTHCARE COMPANY, INC.                                      DEFENDANT

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Keith Naples, Agent for Service for
Valley Behavioral Health System
3352 N. Futrall Road
Fayetteville, AR 72703**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

MARCUS VADEN,
Attorney at Law
P.O. Box 203
Conway, AR 72033

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

DENORA COOMER, CLERK OF COURT

901 S. "B" Street
Fort Smith, AR 72901

Deputy Clerk

Date:    JUN 0 5 2020

No. 66CV- 2020-~~463~~   This summons is for **VALLEY BEHAVIORAL HEALTH SYSTEM**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By:_____

_____
Printed name, title and badge number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____

_____
Printed name

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My Commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION
VI

DAVID CORLEY AND PAULA CORLEY,
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN                                        PLAINTIFFS

vs.                          No. 66CV-2020-463

VALLEY BEHAVIORAL HEALTH SYSTEM, LLC
AND ACADIA HEALTHCARE COMPANY, INC.                          DEFENDANT

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> **CT Corporation System, Agent for Service for**
> **ACADIA HEALTHCARE, INC.**
> **300 Montvue Road**
> **Knoxville, TN 37919-5546**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

> MARCUS VADEN,
> Attorney at Law
> P.O. Box 203
> Conway, AR 72033

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included: _____

DENORA COOMER, CLERK OF COURT

901 S. "B" Street
Fort Smith, AR 72901

Deputy Clerk

Date:  JUN 0 5 2020

No. 66CV-2020-463.  **This summons is for ACADIA HEALTHCARE, INC.**

### PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By:_____

_____
Printed name, title and badge number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____

_____
Printed name

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My Commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION
VI

DAVID CORLEY AND PAULA CORLEY,
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN                                        PLAINTIFFS

vs.                           No. 66CV-2020-463

VALLEY BEHAVIORAL HEALTH SYSTEM, LLC
AND ACADIA HEALTHCARE COMPANY, INC.                          DEFENDANT

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

    **The Corporation Trust Company, Agent for Service for
ACADIA HEALTHCARE, INC.
1209 Orange Street
Wilmington, Delaware 19801**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

    MARCUS VADEN,
Attorney at Law
P.O. Box 203
Conway, AR 72033

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

DENORA COOMER, CLERK OF COURT

901 S. "B" Street
Fort Smith, AR 72901

_Betty Henderson_
Deputy Clerk

Date: ____JUN 0 5 2020____

No. 66CV-2020-_463_.  This summons is for **ACADIA HEALTHCARE, INC.**

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____[date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

_____
Printed name, title and badge number

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____

_____
Printed name

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My Commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL
VI DIVISION

FILED
FT. SMITH DIST.
~~~ *Hall*
2020 JUN 22  A 10: 14

**DAVID CORLEY AND PAULA CORLEY,**
**GUARDIANS OF THE PERSON AND**
**ESTATE OF XAVIER BROWN**

**PLAINTIFFS**

**VS.**

CV-20-463

**VALLEY BEHAVIORAL HEALTH SYSTEM, LLC**
**AND ACADIA HEALTHCARE COMPANY, INC.**

**DEFENDANTS**

## AFFIDAVIT OF SERVICE

I, Marcus Vaden, attorney for Plaintiffs, after being duly sworn, do hereby state under oath as follows:

1.      A file-marked copy of the Complaint was served on CT Corporation System., as registered agent

for service for service for ACADIA Healthcare, Inc.  via Certified Mail, Return Receipt Requested No.  7018 1830

0001 9017 4954, on June 10, 2020 (See Exhibit "A") and the Defendant received same on June 15, 2020 as

evidenced by the signature on the returned receipt attached hereto (See Exhibit "B").

2.      Further Affiant saith not.

MARCUS VADEN (89126)
Attorney for Plaintiffs
P.O. Box 203
Conway, AR 72033
(501) 329-8723

STATE OF ARKANSAS          )
COUNTY OF FAULKNER         )

SUBSCRIBED AND SWORN to before me, a Notary Public, this 18th day of  June, 2020.

Notary Public

My Commission Expires:  9/25/2025

LAMARY D. DODGE
MY COMMISSION # 12691306
EXPIRES: September 25, 2025
Faulkner County



# Marcus Vaden
### Attorney at Law

mvaden@marcusvaden.com

**Marcus Vaden**
Attorney at Law

Judy Rowlett
Paralegal

P.O. Box 203 • Conway, Arkansas 72033
600 South German Lane, Suite 102
Conway, Arkansas 72034

www.marcusvadenlaw.com
P: 501.329.8723
F: 501.205.1278

June 10, 2020

CT Corporation System
Agent for Service for
ACADIA Healthcare, Inc.
300 Montvue Road
Knoxville, TN 37919-5546

Re:     David Corley, et al vs. Valley Behavioral Health System, LLC, et al
        Sebastian County, Fort Smith District No. 66CV-20-463

Dear Sir or Madam:

Enclosed is a Summons and Complaint filed in the above styled case against ACADIA HEALTHCARE, INC. Read carefully each word in the Summons and Complaint as it requires your action, or your attorney's action, within the prescribed time set out therein.

Pursuant to "Amendments to the Rules of Civil Procedure" entered May 16, 1983, and under Rule 4(d), (1), (5) and (8), the receipt of this letter has the same legal effect as does the service or delivery of the enclosed papers by a Deputy Sheriff and you are hereby warned and advised that failure to take action on your part may result in a default judgment or entry of Orders by the Court adverse to your interest. You are encouraged strongly to immediately contact counsel of your own choice in order to protect your interests.

Sincerely,

*Marcus Vaden*

Marcus Vaden

MV/dd
Enclosure:     Summons and Complaint

*CERTIFIED MAIL, RESTRICTED DELIVERY*
*RETURN RECEIPT REQUESTED*
*7018 1830 0001 90174954*



EXHIBIT
A



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

KNOXVILLE, TN 37919

Certified Mail Fee
$     $3.55                                    0332
                                                06
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $  $0.00
☐ Return Receipt (electronic)      $  $0.00        Postmark
☐ Certified Mail Restricted Delivery $  $0.00        Here
☐ Adult Signature Required         $  $0.00
☐ Adult Signature Restricted Delivery $  $0.00
Postage
$          $1.40
Total Postage and Fees                    06/10/2020
$          $7.80
Sent To  CT CORP SYSTEM- ACADIA
Street and Apt. No., or PO Box No.  360 MONTVUE RD
City, State, ZIP+4®  KNOXVILLE TN 37919-5546

7018 1830 0001 9017 4954

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

XAVIER BROWN

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT CORPORATION SYSTEM
AGENT FOR SERVICE FOR
ACADA HEALTHCARE INC
300 MONTVUE RD
KNOXVILLE, TN 37919-5546

9590 9402 4125 8092 3001 49

2. Article Number (Transfer from service label)
7018 1830 0001 9017 4954

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Samantha Sutton_
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
JUN 18 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



EXHIBIT
B



EXHIBIT

B



FILED
FT. SMITH DIST
2020 JUL 2 A 10: 45
Patty Henderson
CIR. CLERK SEB. CO.

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION VI

DAVID CORLEY and PAULA CORLEY,                              **PLAINTIFFS**
GUARDIANS OF THE PERSON AND
ESTATE OF XAVIER BROWN

    **V.**                                    **CASE NO. CV-20-463**

VALLEY BEHAVIORAL HEALTH                                    **DEFENDANTS**
SYSTEM, LLC and ACADIA HEALTHCARE
COMPANY, INC.

## ANSWER

Comes now the separate Defendant Valley Behavioral Health System, LLC ("Valley"), by and through its attorneys, Hardin, Jesson & Terry, PLC, and for its Answer to the Plaintiffs' Complaint, states:

    1.    The allegations of paragraph 1 of the Complaint are admitted.

    2.    The allegations of the first two sentences of paragraph 2 of the Complaint are admitted. The remaining allegations of paragraph 2 of the Complaint are denied.

    3.    Valley admits that Xavier Brown was attending Valley's therapeutic day treatment program. All remaining allegations of paragraph 3 of the Complaint are denied

    4.    Valley admits that venue and jurisdiction are proper in this court. All remaining allegations of paragraph 4 of the Complaint are denied

5.      Valley admits that it provides mental health services.  To the extent paragraph 5 of the Complaint reflects the paraphrasing of advertisements by Plaintiffs' counsel, Valley states affirmatively that the advertisements speak for themselves.  All remaining allegations of paragraph 5 of the Complaint are denied

6.      The allegations of paragraph 6 of the Complaint are denied.

7.      Valley admits that the Plaintiffs made independent arrangements with The Area Agency on Aging of Western Arkansas, Inc., for the transportation of Xavier Brown. All remaining allegations of paragraph 7 of the Complaint are denied

8.      The allegations of paragraph 8 of the Complaint are denied.

9.      The allegations of paragraph 9 of the Complaint are denied.

10.      The allegations of paragraph 10 of the Complaint are denied.

11.      For its response to the allegations of paragraph 11 of the Complaint, Valley adopts and incorporates by reference paragraphs 1 through 10 above.

12.      The allegations of paragraph 12 of the Complaint are denied.

13.      The allegations of paragraph 13 of the Complaint are denied.

14.      The allegations of paragraph 14 of the Complaint are denied.

15.      For its response to the allegations of paragraph 15 of the Complaint, Valley adopts and incorporates by reference paragraphs 1 through 14 above.

16.      Valley admits that it received Medicaid benefits paid on behalf of Xavier Brown. All remaining allegations of paragraph 16 of the Complaint are denied.

17.      Valley admits that it received Medicaid benefits paid on behalf of Xavier Brown. All remaining allegations of paragraph 17 of the Complaint are denied.

18.      The allegations of paragraph 18 of the Complaint are denied.

19.     For its response to the allegations of paragraph 19 of the Complaint, Valley adopts and incorporates by reference paragraphs 1 through 18 above.

20.     The allegations of paragraph 20 of the Complaint are denied.

21.     The allegations of paragraph 21 of the Complaint are denied.

22.     Valley denies all allegations and averments contained in the WHEREFORE or Prayer for Relief clause of the Complaint and denies that Plaintiffs are entitled to any relief.

23.     Pleading further and in the affirmative, Valley asserts and alleges that the negligent or intentional acts of Xavier Brown were the proximate cause of the damages claimed by the Plaintiffs in this proceeding, and that Plaintiffs are therefore barred from any recovery.

24.     Valley denies that Plaintiffs are entitled to any damages.

25.     Valley denies all allegations contained in the Complaint not specifically admitted herein.

26.     Pleading further, and in the affirmative, Valley asserts the defenses of intervening cause, lack of standing, privity, and negligent or intentional acts of third parties over whom Valley exercised no dominion or control as complete and/or partial bars to any recovery by the Plaintiffs herein.

27.     Valley affirmatively asserts that the claims against it fail to state a cause of action upon which relief can be granted and that the Complaint should be dismissed as a matter of law.

28.     Valley affirmatively asserts that the Plaintiffs have failed to allege facts against it and all claims should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

29.     Pleading further and in the affirmative, and in accordance with the requirements of Rule 9(h) of the Arkansas Rules of Civil Procedure, Valley asserts and alleges that Xavier Brown and Area Agency on Aging of Western Arkansas, Inc., its agents, servants, and employees,

specifically including, but not limited to, Jordan Byrd, are non-parties to whom fault can be allocated, and hereby gives notice that it will seek to allocate fault to the foregoing parties. The factual basis showing that the foregoing parties are at fault for the claims asserted by the Plaintiffs in this proceeding are set forth in detail in the Cross Complaint filed by the Plaintiffs in Case No. CV-16-551.

30.    Valley affirmatively asserts that the Complaint fails to comply with the requirements of Rule 10(d) of the Arkansas Rules of Civil Procedure and must therefore be dismissed.

WHEREFORE, the Defendant Valley Behavioral Health System, LLC, prays that the Complaint of David Corley and Paula Corley, Guardians of the Person and Estate of Xavier Brown, be denied and dismissed, that it have and recover its costs and attorney's fees herein laid out and expended, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
P.O. Box 10127
Fort Smith, AR 72917-0127
Phone: (479) 452-2200
*honea@hardinlaw.com*
*kdougherty@hardinlaw.com*

By:    _____
Robert M. Honea
Arkansas Bar No. 83089
Kirkman T. Dougherty
Arkansas Bar No. 91133

*ATTORNEYS FOR VALLEY BEHAVIORAL,*
*HEALTH SYSTEM, LLC*

4

## CERTIFICATE OF SERVICE

     I, Robert M. Honea, one of the attorneys for Defendant Valley Behavioral, Health System, LLC, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the following parties by depositing a copy of the same in the United States Postal Mail Service, postage prepaid, addressed to:

Marcus L. Vaden
MARCUS VADEN, P.A.
P.O. Box 203
Conway, AR  72033

Mark J. Johnson
MARK J. JOHNSON.P.A.
P.O. Box 311
Paris, AR  72855

on this 2ᵈ day of July, 2020.

                                                      Robert M. Honea





**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS**
**FORT SMITH DISTRICT**
**CIVIL DIVISION VI**

**DAVID CORLEY and PAULA CORLEY,**                                **PLAINTIFFS**
**GUARDIANS OF THE PERSON AND**
**ESTATE OF XAVIER BROWN**

      **V.**                                **CASE NO. CV-20-463**

**VALLEY BEHAVIORAL HEALTH**                                **DEFENDANTS**
**SYSTEM, LLC and ACADIA HEALTHCARE**
**COMPANY, INC.**

## <u>ANSWER</u>

Comes now the separate Defendant Acadia Healthcare Company, Inc. ("Acadia"), by and through its attorneys, Hardin, Jesson & Terry, PLC, and for its Answer to the Plaintiffs' Complaint, states:

1.     The allegations of paragraph 1 of the Complaint are admitted.

2.     The allegations of the first two sentences of paragraph 2 of the Complaint are admitted.  The remaining allegations of paragraph 2 of the Complaint are denied.

3.     Acadia admits that Xavier Brown was attending Valley's therapeutic day treatment program.  All remaining allegations of paragraph 3 of the Complaint are denied

4.     Acadia admits that venue and jurisdiction are proper in this court.  All remaining allegations of paragraph 4 of the Complaint are denied

5.      Acadia admits that Valley provides mental health services.  To the extent paragraph 5 of the Complaint reflects the paraphrasing of advertisements by Plaintiffs' counsel, Acadia states affirmatively that the advertisements speak for themselves.  All remaining allegations of paragraph 5 of the Complaint are denied

6.      The allegations of paragraph 6 of the Complaint are denied.

7.      Acadia admits that the Plaintiffs made independent arrangements with The Area Agency on Aging of Western Arkansas, Inc., for the transportation of Xavier Brown. All remaining allegations of paragraph 7 of the Complaint are denied

8.      The allegations of paragraph 8 of the Complaint are denied.

9.      The allegations of paragraph 9 of the Complaint are denied.

10.     The allegations of paragraph 10 of the Complaint are denied.

11.     For its response to the allegations of paragraph 11 of the Complaint, Acadia adopts and incorporates by reference paragraphs 1 through 10 above.

12.     The allegations of paragraph 12 of the Complaint are denied.

13.     The allegations of paragraph 13 of the Complaint are denied.

14.     The allegations of paragraph 14 of the Complaint are denied.

15.     For its response to the allegations of paragraph 15 of the Complaint, Acadia adopts and incorporates by reference paragraphs 1 through 14 above.

16.     Acadia admits that Valley received Medicaid benefits paid on behalf of Xavier Brown.  All remaining allegations of paragraph 16 of the Complaint are denied.

17.     Acadia admits that Valley received Medicaid benefits paid on behalf of Xavier Brown.  All remaining allegations of paragraph 17 of the Complaint are denied.

18.     The allegations of paragraph 18 of the Complaint are denied.

19.     For its response to the allegations of paragraph 19 of the Complaint, Acadia adopts and incorporates by reference paragraphs 1 through 18 above.

20.     The allegations of paragraph 20 of the Complaint are denied.

21.     The allegations of paragraph 21 of the Complaint are denied.

22.     Acadia denies all allegations and averments contained in the WHEREFORE or Prayer for Relief clause of the Complaint and denies that Plaintiffs are entitled to any relief.

23.     Pleading further and in the affirmative, Acadia asserts and alleges that the negligent or intentional acts of Xavier Brown were the proximate cause of the damages claimed by the Plaintiffs in this proceeding, and that Plaintiffs are therefore barred from any recovery.

24.     Acadia denies that Plaintiffs are entitled to any damages.

25.     Acadia denies all allegations contained in the Complaint not specifically admitted herein.

26.     Pleading further, and in the affirmative, Acadia asserts the defenses of intervening cause, lack of standing, privity, and negligent or intentional acts of third parties over whom Acadia exercised no dominion or control as complete and/or partial bars to any recovery by the Plaintiffs herein.

27.     Acadia affirmatively asserts that the claims against it fail to state a cause of action upon which relief can be granted and that the Complaint should be dismissed as a matter of law.

28.     Acadia affirmatively asserts that the Plaintiffs have failed to allege facts against it and all claims should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

29.     Pleading further and in the affirmative, and in accordance with the requirements of Rule 9(h) of the Arkansas Rules of Civil Procedure, Acadia asserts and alleges that Xavier Brown and Area Agency on Aging of Western Arkansas, Inc., its agents, servants, and employees,

specifically including, but not limited to, Jordan Byrd, are non-parties to whom fault can be allocated, and hereby gives notice that it will seek to allocate fault to the foregoing parties. The factual basis showing that the foregoing parties are at fault for the claims asserted by the Plaintiffs in this proceeding are set forth in detail in the Cross Complaint filed by the Plaintiffs in Case No. CV-16-551.

30.     Acadia affirmatively asserts that the Complaint fails to comply with the requirements of Rule 10(d) of the Arkansas Rules of Civil Procedure and must therefore be dismissed.

WHEREFORE, the Defendant Acadia Healthcare Company, Inc., prays that the Complaint of David Corley and Paula Corley, Guardians of the Person and Estate of Xavier Brown, be denied and dismissed, that it have and recover its costs and attorney's fees herein laid out and expended, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
P.O. Box 10127
Fort Smith, AR 72917-0127
Phone: (479) 452-2200
*honea@hardinlaw.com*
*kdougherty@hardinlaw.com*

By:     _____
Robert M. Honea
Arkansas Bar No. 83089

Kirkman T. Dougherty
Arkansas Bar No. 91133

*ATTORNEYS FOR ACADIA HEALTHCARE COMPANY, INC.*

## CERTIFICATE OF SERVICE

  I, Robert M. Honea, one of the attorneys for Defendant Acadia Healthcare Company, Inc., do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the following parties by depositing a copy of the same in the United States Postal Mail Service, postage prepaid, addressed to:

Marcus L. Vaden
MARCUS VADEN, P.A.
P.O. Box 203
Conway, AR  72033

Mark J. Johnson
MARK J. JOHNSON.P.A.
P.O. Box 311
Paris, AR  72855

on this 2nd day of ~~June~~, July 2020.

            _____
            Robert M. Honea